v. Alexis Antonio Diaz. Case number is 25-1877. All right, Mr. Larson, I see you've reserved two minutes for rebuttal. Yes, Your Honor. Just give the gallery a minute to get settled. Certainly. All right, you can begin when you're ready. Good morning, Your Honors. Matt Larson of the Federal Defenders for Mr. Diaz. And congratulations on making it to what I think is the last argument of the term. This case, compared to the two before it, I think is much more straightforward. The case should be remanded given the failure of the judge below to make the specific factual findings that this court's law requires to both calculate the range, as he did, and also to allow this court to review the sentence meaningfully. Starting first, I guess, with the role enhancement, all the judge said is, you know, I have a pretty good recollection of the evidence. Let me cut. You make three specific arguments that the court below didn't do enough or that there wasn't enough evidence. I'm not sure they stand up, and I want to hear it. But even apart from that, didn't Judge Rakoff make absolutely clear that he was giving this sentence apart from the guidelines, that he decided that this was the appropriate sentence and that the guidelines here did not make much sense and that he was giving this particular sentence regardless, which he can do unless that sentence is substantively improper. But you're not saying the sentence is substantively improper. So even assuming that your other arguments, and I'm not saying they are, are valid, aren't they harmless given what Rakoff clearly decided to sentence them? No, Your Honor, because what the judge said did in fact make clear that the calculations here could have played a role. Page 6 of the special appendix, the guidelines will play little or no role. Page 31 of that special appendix, drug weight won't play a big role. Looking at those words as the judge uttered them, they allowed for these calculations to play some role in determining the range. The judge did not make the kind of conclusive statement that regardless of what the range supports or what the range is, I'm going to give this sentence no matter what. He never said that. Didn't he say that the guidelines were a total irrelevancy in this case? He said that in every case, Your Honor. Okay. And if that were enough to insulate Judge Rakoff's sentences from review, then this Court would never review them. But obviously that's not the law. But whether Judge Rakoff does that or not is another matter. If he has the power to say I am ignoring the guidelines and doing this, then doesn't that determine things for us? If there were, Your Honor, if there were a conclusive statement, this would be a different case. But the language I just quoted, Your Honors, where he says these calculations might play some role, maybe not a big one, I'm not sure. And also let's look at the range he calculated, 188 to 235. The sentence he imposed. Is he able to ignore the guidelines completely? He has to calculate them. He makes the calculation. Yes. But once the calculation is made, does he have the ability to simply ignore it at that point? He can certainly vary above, below, whatever the range is based on the 3553a factors. He does have to calculate the range correctly. And here, and he also has to make specific factual findings to support the calculation that he did make. Besides his leaving room for the guidelines playing some role here, based on what he actually said in the record, if you look to the range he found. He equivocates at points, but there are other points where he says it like six times, but they're totally irrelevant. He says many times that he thinks the guidelines are irrelevant. But look at the actual record here. The sentence he chose was right in the middle of the range he calculated. This Court has recognized in many cases the anchoring effect of the range. What about there was no objection, and if there had been an objection, there's insufficient specificity. It's the kind of thing he could have fixed. We did object for sure, Your Honor. We objected to the application of the managerial enhancement. We objected to the drug calculation. Yes. You objected to several things, to the leadership and to those. But you didn't object to his paying sufficient attention to 2523, and that's something that if you had objected to, he would have spoken a bit presumably. So isn't this the perfect sandbagging example in which plain error should be held most tightly? No, Your Honor, and I may be misunderstanding Your Honor's question. You said our failure to object to his reference to 3553? To absence of specific findings. Yeah. There was no objection to the failure to make specific findings. Who were the five? And then he could have said, well, these are my five. I think it's fair, Your Honor, that when we make the greater objection that these enhancements don't apply, they include the lesser objection, that the specific facts needed to justify them are not present in the record. I think the greater objection includes the lesser, and the government has certainly cited no case saying we had to sort of object twice here after the judge ruled against us. If Your Honor is interested in harmlessness, if that's the real, you know, fulcrum here, I think, A, we don't have an unequivocal statement from the judge that I would have given 204 months regardless. We don't have that statement. We also have statements that I quoted where he says maybe the guidelines will play some role in this. We also have a sentence that he chose that was right in the middle of the range. That belies the assertion that the range would play no role. It's an anchoring effect, as this Court has recognized. Sotomayor, it was a coincidence. I think that's what he was suggesting. Our range, as we calculated it, was 70 to 87 months, not 188 to 235. And this Court has also recognized in the cases we cite in our reply that when there is that kind of huge difference, we can't comfortably say this was a harmless error, especially where, as here, the judge never – But you are not arguing that the sentence that he picked was substantively wrong. You know, that's a different argument, and that controls judges like Judge Rakoff, who might be unwilling to pay attention to the guidelines, because if they get beyond what is appropriate, that's a challenge that can be made. But you're not making that challenge. The challenge we've made, Your Honor, is that he calculated the guideline incorrectly. And even if Your Honors don't want to get that far, the easier reason to remand this case set out in the reply is that he didn't make the specific findings the law requires. That's uncontested. He did not identify the person Mr. Diaz supposedly supervised. He did not identify the five participants of this criminal conspiracy. He did not find it was – What about his adopting the PSR? He adopted – Right. So the Gomez case we cite, where this case – where this Court remanded, because a general reference to the PSR wasn't enough. When it comes to the role enhancement, the judge has to specifically adopt the PSR's remarks as to why the role enhancement is justified. Judge Rakoff never did that. Also, the PSR – in the PSR and the bobby of it, they didn't actually justify this enhancement. It was the addendum after we ejected where the probation office says, well, there was this one guy, Javier, who got some cut from the deli and brought it to the apartment. Now, we contested this as supervising Javier. Javier – you know, in the text messages the government identifies, Javier sends a message to Mr. Diaz, I'm taking a bath. I'll bring your thing over when I'm done in the bathtub. That doesn't sound like a boss and an underling. That sounds like two guys in the same conspiracy together. There can be a conspiracy of equals. Couldn't it be reasonably interpreted as that he was an underling? I mean, it's not crystal clear, but a reasonable inference is that he was doing what Diaz wanted him to do. And this would be a different case, Your Honor, if Judge Rakoff had said, you know, based on this exchange with Javier, I'm finding that Javier was the underling and Diaz was supervising him. That would be a different case. That isn't this case. What we're asking for here is very modest, a remand, a Jacobson remand even, to simply make sure before we send this nonviolent first-time offender to prison for 17 years that the range was rightly calculated.  Thank you. Thank you. Thank you, counsel. We'll hear now from the government. Good morning, Your Honors. May it please the Court. Connie Dang for the United States. I represented the government in the trial below, and I represent the government in the appeal. I'd like to begin with the issue of harmlessness. Judge Rakoff made manifestly clear that the guidelines were totally irrelevant to his sentencing determination, that he was not relying on the guidelines range, nor was he relying on the two challenges. He didn't say little or no wait a couple of times. He may have used those words, little or no wait, but in multiple other references he used words like totally irrelevant. He said that the fact that his sentence was close to what probation had recommended was a coincidence. And he made clear that. Can we approve that where a trial court says the guidelines are totally irrelevant? We believe in this case. Our cases say judges can disagree as a policy matter with the guidelines, but they have to make the calculation and consider the guidelines. And if a judge says they are totally irrelevant, is he complying with our case law? We believe Judge Rakoff's sentencing decision was compliant insofar as he did, in fact, calculate the guidelines. He held a FATICO hearing to do so. He made specific factual findings, and he carefully considered the Section 3553A factors in crafting his sentence, which relied on an extensive trial record. I don't think you're answering my question. My question is if a judge says they are totally irrelevant, is that lawful? Suppose you have a case in which a judge simply says the guidelines are totally irrelevant, I sentence the person to 208 months, period. That is not an unreasonable amount. That's what I sentence. Are we then bound to say that's okay, you can do that? Or can we say, sorry, you can decide to ignore the guidelines, but first you have to look at them? We believe the latter, Your Honor. And to make sure I answer Judge Chin's question, we do believe that the district court is permitted to express a policy disagreement with the guidelines and to – Well, I agree with that, but can a district court totally ignore the guidelines once he makes the guidelines calculation? The guidelines are not binding on a district court, so the court is permitted to rely on the 3553A factors rather than the guidelines range itself. Well, you could also argue that whatever the answer to that question is, this ain't the case to raise it in. That is correct, Your Honor, because there was no error, clear or otherwise, as to the two challenged enhancement, either the three-point leadership enhancement or the drug weight calculation. Nor was there plain error. What about the finding that there aren't findings, the argument that there aren't specific findings as to the five individuals? Your Honor, that issue is reviewed for plain error, because contrary to what Mr. Larson argued a moment ago, the defendant did not object to the specificity of Judge Rakoff's findings. He raised different objections. He raised objections to the underlying application of the sentencing enhancements themselves. The defendant was sitting there in court with his attorney. Do you agree that Judge Rakoff did not make specific findings as to who the five or more individuals were? We absolutely do not agree that Judge Rakoff did not make specific findings. Where do we find those? Yeah. The PSR incorporates extensive detail as to the five. Where do we find Judge Rakoff's findings, or his incorporation in some meaningful way of those findings in the PSR? There are two ways in which Judge Rakoff incorporated those findings. Number one, he adopted the factual findings in the PSR that detail the five or more participants in extensive detail, drawing on the trial evidence. And number two, he adopted the government's marshaling of the evidence, which it presented at the FATICO hearing, which, again, drawed on that same trial evidence supporting that there are five or more participants. I'm happy to identify them now, but you don't need to say their names on the record. So Gomez, which your opposing counsel points to, is a summary order, so it doesn't bind us. And it's a double-edged sword for you all, because it does say that would be plain error, that to fail to object to the lack of specificity. But it also says that simply saying, I adopt the PSR, is insufficient. Now, we don't have to follow it because it's a summary order, but it finds that to be plain error, the failure to make an express adoption. My recollection of Gomez is that the district court in that case did not explicitly adopt the findings in the PSR. In open court, and also did not explain in open court why it applied the leadership enhancement, which is different here, where the court held a FATICO hearing, considered arguments, considered arguments in detailed submissions, adopted the government's view, which incorporated the trial record, the relevant trial record, and then adopted the factual findings in the PSR. There's no case that the defendant has cited to that suggests the court must orally pronounce every single one of those five participants and their names and each of their roles when all of that detail was already adopted by reference. I want to back up for a minute to Judge Chin's question in our discussion about the 3553A factors. So I think what your response was is that the sentencing judge is required to calculate the guidelines, and I'm remembering the script I used to tell defendants about this. I have to calculate the guidelines, but I don't have to follow them, right? You have to calculate the guidelines. You have to get them right. But then you said, but then the judge imposed the sentence in accordance with the 3553A factors. The problem is one of the 3553A factors is to adequately consider the guidelines in their policy statements, right? I mean, it is one of the factors. Any pertinent policy statement issued by the Sentencing Commission. And so it is one of the things that you have to consider under 3553A, right? That may be right, Your Honor, but Judge Rakoff made very clear the specific 3553A factors he deemed to be the most important. So what if a sentencing district judge said, here are the 3553A factors, personal history and characteristics, nature and circumstances, etc. I have decided that in this case, the nature and circumstances of the offense are irrelevant. I'm going to consider all of the other things the statute tells me to consider, but I am specifically not going to consider the nature and circumstances of the offense because they are a total irrelevancy to the appropriate sentence in this case. Would that be permissible? Well, it seems unlikely that that would be okay to ignore any other factor we require. And that's, and your opposing counsel is telling us that this is something that happens a lot, the idea that they're a total irrelevancy. But I think if we change that to any other factor under 3553A, it might make us all a little more queasy. I think in Your Honor's example, and I see I'm close to time, in Your Honor's example, the court had considered the nature and circumstances of the offense but decided not to attribute weight to them. So is that what Judge Rakoff did here? He considered the guidelines but decided not to give them weight? Is that your? He calculated the guidelines but decided not to rely on them in his sentencing determination. And for that reason, we do believe that any errors would be harmless because the resulting sentence would have been the same. So it would be okay for a sentencing judge to say, this is a violent offense, it had a number of victims, it was very serious. I've considered that, I've evaluated that, but I've determined that that factor is an irrelevancy in this case. I think that in that case, it would be unlikely, but the court in that example, as I mentioned, would have at least considered that particular 3553A factor in crafting its sentence. And I understand that if the resulting sentence is very high, it may be difficult to Well, that's a substantive reasonableness problem. That's correct, Your Honor. If we're on procedural reasonableness. All right, so is it your position then that Judge Rakoff adequately considered the guidelines and simply gave them reduced weight as opposed to doing what it sort of sounds like he did, which is completely disregard them? That may be. It's true, as Mr. Larson says, that he says they're an irrelevancy every time, but frankly lands up in the middle of them when sentencing. The upshot or the message you may take from the sentence as a whole and from the transcript as a whole may be he actually did consider them but decided they were not persuasive versus actually not considering them. Which one do you think it is? Well, before, we think that he actually did not rely on them in his sentencing determination, and this is in part based on his statements that rely exclusively on the 3553A factors that he specified when he crafted his sentence and also that before even calculating the appropriate guidelines at the FATICO hearing and making determinations as to the challenge calculations, he already had a certain range in mind. He thought it was very likely that the sentence he would give would be within 10 to 20 years, and we believe that on an abusive discretion review, there is no basis to remand this case for resentencing. Thank you.  Mr. Larson will hear your rebuttal. Thank you, Judge Marin. You hit the nail on the head when you asked government counsel to identify in the record where Judge Rakoff made the required findings. He didn't. Counsel pointed to the PSR. That's a problem here. The PSR itself had errors in it. We set this out in our briefing. Paragraph 36 of the PSR. It's applying the management enhancement because Mr. Diaz owned the mill. He was responsible for the error in the PSR. Once the PSR is adopted, you've lost that battle, right? So that's a different argument. I mean, you're appealing that now, whether it's — but that's a different argument than failed to explain. You're now moving into the merits of whether the enhancement or the — Fair enough. I don't want to call it enhancement. Fair enough, Your Honor. This Court can stop at the point which we emphasize in our reply. Judge Rakoff didn't make the specific findings that this Court requires for these calculations. Now, the government makes arguments as to why the record would support these enhancements. Probation said, well, this is why the record supports these enhancements. Case after case from this Court's decision — Yes, but you didn't object specifically to his failure to make specific findings, did you? Yes, Your Honor. And as to that point on plain error, I would direct the Court to page 5 of our reply, where we say, you know, plain error is not the proper standard here, but even if it is, we cite two cases from this Court where the Court did find plain error, where the judge failed to make the specific findings that this Court's case law unambiguously requires. And again, I would emphasize to the Court, this is not a brief —  The question isn't whether findings weren't made, but whether the findings that were made were specific enough, because he did make some findings. The cases you're citing are cases where no findings were made. Here he said something, and you're saying he didn't say enough. And that may or may not be the case, but that's exactly the error that can be cured if at that point you say, Your Honor, be clear. That's exactly what plain error is there to keep sandbagging for. That's my problem. Because that isn't one of the cases where the Court makes no findings. It's a question whether the findings were specific enough. I would like to make clear, Your Honor, Judge Rakoff did not make any finding. He said, I think he's — respectfully, Your Honor, he said, I think he's a manager based on the evidence at trial. That is not the finding required by this Court's case law. He did not find that there were five participants. He did not find that Mr. Diaz supervised one of those participants. He did not find that the activity was otherwise extensive. Those are the findings required to support this enhancement, not the ipsy-dixit that he was a manager. This Court has said time and again that is not good enough. And again, our ask here is modest, Your Honors. A Jacobson remand. So we make sure before we send this nonviolent man with no record to prison for 17 years, let's make sure that the judge did this right. And that's all we're asking for. All right. Thank you, counsel. The matter will be taken under advisement.